GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

PEDRO BENNETT, Appellant

No. 18540

United States Court of Appeals

Third Circuit

Argued June 1, 1970

Decided June 15, 1970

RONALD H. TONKIN, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant*

ROBERT M. CARNEY, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before FREEDMAN, SEITZ and VAN DUSEN, *Circuit Judges*

PER CURIAM:

Defendant was convicted by a jury of first degree murder, 14 V.I. Code §§ 921–23, and was sentenced to life imprisonment. This appeal followed.

The sequence of events which culminated in the homicide commenced when defendant and three other teenage boys got into a fight with decedent's wife and a male friend with whom she was walking. The wife ran to her home nearby and her husband then came out to the scene. A fight followed between him and the four boys. In the course of it one of the boys, Marcello Corcino, suffered an injury to his leg and was taken to a hospital. After the fight, decedent, his wife and their friend retired to decedent's house. Soon thereafter defendant and two boys (one of whom had been involved in the fight) returned to decedent's home and challenged the occupants to come out and fight. The boys yelled many threats, but the occupants refused to come out of the house.

Defendant and his companions then retired a short distance. He and one of his companions testified that as they left defendant threw a pickaxe at a closed wooden window in the house and broke it open. As the three boys were still a short distance from the house, they encountered four other boys approaching it. One of these four boys had been involved in the first fight and another, Miguel Corcino, was the brother of Marcello Corcino. The defendant and his two companions joined these four and all of them together started toward the house. On the way one of them, Roberto Feliciano, exhibited a shotgun. Defendant asked him what he would do with the gun, and Roberto Feliciano replied that if defendant didn't move, he would be shot too. As they came to the house, Miguel Corcino took the shotgun away from Roberto Feliciano and

fired two shots into the house, one of which was fired through the broken window and struck and killed the decedent. The widow testified that the fatal shot was fired only a second after the window had been broken open by the pickaxe.

It is clear from the record, even if defendant's version is accepted, that there was sufficient ground for the conviction even though defendant himself did not fire the fatal shot. The verdict adjudged him guilty of aiding and abetting the commission of the crime and he was therefore punishable as a principal. 14 V.I. Code § 11.

Defendant was part of a group which had shown its malevolence toward the occupants of the house who had cowered inside and had closed the wooden windows for safety. He himself admitted that he was "mad" at the decedent. He was involved in the original attack on the wife and her companion on the street, he had then followed the decedent and his wife into the house to which they had retreated, and while there he had thrown the pickaxe into the boarded window as an expression of his anger and hostility. Although he claimed that some interval had elapsed between the time he had thrown the pickaxe and the firing of the fatal shot, the widow testified that the shot followed the breaking of the window by only a second.

The record presents a case of a group associated together in the commission of aggression and violence, and although defendant did not fire the fatal shot, he was an active and prominent member of the group as was shown by his hurling the pickaxe into the boarded window. The jury therefore was fully justified in its finding of guilt.

We have also considered the other claims presented by appellant's able counsel and find them to be without merit.

The judgment of the district court will be affirmed.